MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District SOUTHERN/TEXAS - LAREDO |
|---|---|
| Name (under which you were convicted): ACE REED ROBERTSON | Docket or Case No.: 5:11-cr-00675 / 5:13-cv-98 |
| Place of Confinement: FEDERAL PRISON CAMP, POLLOCK, LA 71467 | Prisoner No.: 16104-043 |
| UNITED STATES OF AMERICA<br>v.   ACE REED ROBERTSON, MOVANT | |

MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, LAREDO

    (b) Criminal docket or case number (if you know): 5:11-cr-00675

2. (a) Date of the judgment of conviction (if you know): JUNE 10, 2011

    (b) Date of sentencing: MAY 31, 2012

3. Length of sentence: 81 MONTHS IMPRISONMENT, 5 YEARS SUPERVISED RELEASE

4. Nature of crime (all counts): COUNT 1 - CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE IN EXCESS OF 100 KILOGRAMS OF MARIJUANA, IN VIOLATION OF 21 U.S.C. SECTION 846, 841(a), (b)(1)(B)

5. (a) What was your plea? (Check one)

    (1) Not guilty ☐    (2) Guilty X    (3) Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

N/A

_____

_____

_____

_____

6. If you went to trial, what kind of trial did you have? (Check one)      Jury           Judge only

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes            No

8. Did you appeal from the judgment of conviction?                         Yes            No X

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised: _____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐    No X

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised

Page 3

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐   No X

11. (a) If your answer to Question 10 was "Yes," give the following information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

    (7) Result:

    (8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

    (7) Result:

    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:    Yes ☐   No ☐

    (2) Second petition:    Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

## GROUND 1 - COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY FAILING TO RAISE IN THE DISTRICT COURT AND ON APPEAL THE GOVERNMENT'S BREACH OF THE PLEA AGREEMENT AND BY FAILING TO MOVE THE COURT TO ALLOW THE MOVANT TO WITHDRAW HIS PLEA DUE TO THE BREACH

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THE GOVERNMENT CLEARLY BREACHED THE PLEA AGREEMENT. FURTHER, THE HONORABLE MAGISTRATE JUDGE DESCRIBED THE APPEAL AND 2255 WAIVER PROVISION IN SUCH A WAY AS TO MAKE THOSE PROVISIONS VOID AND UNENFORCEABLE

SEE CONCURRENTLY FILED MEMORANDUM OF LAW IN SUPPORT

(b) **Direct Appeal of Ground One:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐   No X – DID NOT APPEAL
    (2) If you did not raise this issue in your direct appeal, explain why:
        Claims of ineffective assistance are properly raised in post-conviction proceedings

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐   No X
    (2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition:
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐   No ☐
    (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐   No ☐
    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
      Yes ☐   No ☐
    (6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):




(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:


## GROUND 2 - N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐   No
    (2) If you did not raise this issue in your direct appeal, explain why:
        Claims of ineffective assistance are properly raised in collateral proceedings

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐   No
    (2) If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:
    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):
    Date of the court's decision:
    Result (attach a copy of the court's opinion or order, if available):



    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐   No ☐
    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐   No ☐
    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
        Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

## GROUND 3 - N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No

    (2) If you did not raise this issue in your direct appeal, explain why:

       Claims of ineffective assistance are properly brought in post-conviction proceedings

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

## GROUND 4 - N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐  No
   (2) If you did not raise this issue in your direct appeal, explain why:
      Claims of ineffective assistance are properly raised in post-conviction proceedings

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐  No

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None of the above grounds were raised previously inasmuch as claims of ineffective assistance of counsel are properly raised in collateral proceedings.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐   No X

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:  ROBERTO J. YZAGUIRRE, ESQ., 6521 N. 10th, SUITE A, McALLEN, X 78504

(b) At arraignment and plea: Same

(c) At trial: N/A

(d) At sentencing:  Same

(e) On appeal: N/A

(f) In any post-conviction proceeding: (presently) Jeremy Gordon, Esq. 215 W. Franklin St. Suite 200, Waxahachie, Texas 75165

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes     No X

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No X

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

Page 10

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Motion is timely

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Vacate conviction and sentence and/or any other relief to which Movant may be entitled.

                                              Respectfully submitted,

                                              /s/ Jeremy Gordon  
                                              Jeremy Gordon, Esq.  
                                              Attorney at Law  
                                              215 W. Franklin St. Suite 200  
                                              Waxahachie, Texas 75165  
                                              Tel: 972-483-4865  
                                              Fax: 972-584-9230  
                                              Email: Jeremy@gordondefense.com  
                                              www.gordondefense.com